King v. Dart is our fifth case for argument today. Mr. Morrissey. Good morning and may it please the Court. My name is Patrick Morrissey and I am one of the attorneys for the plaintiff appellant Barron King. On March 29, 2019, a fight erupted at the Cook County Jail when the assigned tier officer, defendant Zuhl, left 39 inmates unsupervised in the day room. About seven minutes later, the fight continued when an inmate threw boiling water on Mr. King. When the assigned correctional officer returned about 30 minutes later, Mr. King requested medical attention. Mr. King waited until the following day to receive treatment. On April 4, excuse me, on April 2, 2019, Mr. King filed a grievance complaining about the attack in his living room. The same day he received, filed this grievance, he received a response by the sheriff's social worker directing him to the Office of Professional Review and the divisional superintendent who were going to undertake a review and or investigation. The same day Mr. King filed this grievance, he also filed a second grievance where he alleged that for about 24 hours he was denied necessary medical attention. Unlike the grievance that he filed about the failure to protect, this grievance was referred by the social working social workers to a department and he received a response. Unsatisfied with this response, he filed an appeal, again explaining that for 24 hours after this attack, he did not receive medical attention. Mr. Morrissey, I want to focus on the grievance with respect to the delayed medical care, please. Yes. What in that grievance put the jail on notice that you were pursuing a claim against Officer Zuhl as opposed to the medical professionals? Yes, sure. The grievance under the section required name and identifying information. He identified the Division 9 CCDOC staff. But he only identified them in connection with them taking Division 9 staff taking him to the hospital. There wasn't anything else about the Division 9 staff. But Your Honor, reading the context of the grievance, he talks about how for 24 hours he was delayed medical attention. But again, the whole point of the grievance procedure is to put the jail on notice so they can address it. And he certainly filed the grievance here. But the question is the grievance and putting the jail on notice about Officer Zuhl. And even the reference to the Division 9 staff talks about them taking him to the hospital on March 30th when Officer Zuhl wasn't even on duty that day. That's correct, Your Honor. This is in the context of an inmate who was seriously injured. And a few days after this incident, he is trying to gather and put together a grievance. And he did not know who the officer was. And you can identify that, Your Honor, because the first grievance that he filed about the failure to protect allegation, he doesn't even identify Officer Zuhl in that grievance either. But in that issue, Your Honor, there's no confusion or difficulty by the jail officials understanding what happened. I think these two grievances, Your Honor, have to be read in conjunction with each other because he's doing his best to follow the jail's procedures because the jail requires inmates to only identify one problem, incident, or event per grievance. And I believe reading the two grievances, Your Honor, together, it shows that Mr. King is doing his very best in a very difficult situation to provide the best notice he can to the jail officials about what he's complaining of. And so I agree, Your Honor, he doesn't identify the specific officer in that grievance. But I believe the jail officials have fair notice about what is going on, particularly when reading these two grievances together. And, Your Honor, the district court dismissed this case for failure to exhaust the available administrative remedies as required by the Prison Litigation Reform Act. And the district court erred because the evidence shows that the procedure that was in place when a grievance is referred to the Office of Professional Review and a divisional superintendent, it was unclear. And the district court erred dismissing the delayed medical attention grievance because I believe the plaintiff did everything he could do to raise this matter with the jail officials. Turning to the failure to protect grievance, Your Honor, it is undisputed that the jail social workers are only there to process grievances. And when Mr. King filed this grievance, he was told that these two entities, the divisional superintendent and the Office of Professional Review, were going to undertake some type of investigation. The evidence shows even the jail officials have confusion over what happens when these grievances are referred to these two entities. The social worker who addressed the failure to protect grievance said that she would assume that the OPR is part of the administrative remedies at the Cook County Jail. The other issue, the divisional superintendent, the same social worker said she would imagine that the divisional superintendent would undertake some type of investigation. Turning to another issue, the director of the grievance system, John Mueller, I believe he said he wasn't even sure why this grievance was given to the divisional superintendent for review and or investigation. So under these circumstances, the procedure available for a person like Mr. King in the spring of 2019 was unclear. And to provide some context, in 2020, there seems to have been a change in the procedure at the Cook County Jail. This pre-printed form that Mr. King was given was changed to include a disclaimer that directs it calls this process the immediate grievance response. And it provides some direction to inmates about what to do when they file a grievance and it's referred to the Office of Professional Review and the divisional superintendent. So that evidence shows that the grievance system was not clear in 2019. Have they amended the inmate handbook? Do you know? Your Honor, I can't answer that question. I'm not sure. I'm sorry, Your Honor. But the evidence shows that the system was unclear when Mr. King filed his grievance. And I would ask that this court reverse the decision of the district court in remand for further proceedings. Thank you. Thank you, Mr. Morrissey. Mr. Brenner. May it please the court. This court should affirm the district court's order for two reasons. First, plaintiff failed to exhaust his administrative remedies relating to his failure to protect claims because he did not appeal the response he received to his first grievance as required by the grievance procedures. Second, plaintiff failed to exhaust administrative remedies relating to his medical care claim because he did not identify or describe any wrongdoing by Officer Sewell and therefore did not place the jail on notice. Which part of the handbook or form requires the inmate to identify a particular guard by name? That information is included on the grievance form. Now, which part requires the inmate to identify a guard by name? I'm asking this because it seems to say you must describe the incident. Right? You can identify somebody by name if you want. But the question I'm asking is what part requires the naming? The grievance response form has required name or identifiers of accused. Under the Prison Litigation Reform Act, a detainee must comply with the rules as prescribed by the jail's grievance procedures to properly exhaust administrative... Mr. Brenham, let's go to the failure to protect grievance. When he submitted that, he got a response that told him his allegations had been forwarded to the Offices of Professional Review and Divisional Superintendent for review and or investigation. What exactly is he supposed to appeal from when he gets that? In the evidence in the record in this case, the testimony of Director John Mueller on page 106, he testified that plaintiff could appeal that he did not want the Office of Professional Review or the Super... Isn't that something that's mandated by the jail when they get this type of misconduct complaint that it has to go to the Office of Professional Review or Director of Superintendent? Yes, Your Honor. The Office of... So if he appeals, the whole point of appealing is supposed to put the jail on notice so that the jail can address it in the first instance. If he appeals something that has a mandatory jail procedure that it has to go to this office for review, what possible good does that do? Well, first, plaintiff is required to exhaust the process, the administrative remedies process. What possible good could it do to require the plaintiff to appeal the fact that it was sent to the Office of Professional Review? He doesn't have an outcome. It would open the door to have this grievance reviewed by an additional layer. Where is he informed of that? In both the inmate handbook and on the grievance form itself. Where is he informed in the inmate handbook that if you appeal a referral to the Offices of Professional Review and Divisional Superintendent that you could have a second layer of review? I didn't see that anywhere in the handbook. Correct, Your Honor. That level of specificity is not included in the handbook. But what the handbook does say is that in all circumstances, the inmate must appeal a response to his grievance to exhaust his administrative remedies. But this is not a merits response. This is more we're sending this somewhere else for further review. Let's carry it out further. So he appeals the review. They say, tough, it's going to go to the review. Then does he bring a claim saying, I'm suing for sending this to the Offices of Professional Review? That makes no sense. Exhaustion must be complete from start to finish. It also has to be understandable for there to be exhaustion available. And I read these forms, and they're a bit circular. And our district courts are a little bit all over the board on how they read the forms. I think that's a bit telling. So those district courts that Plaintiff Pellin cited in his brief, they are not in disagreement. Those courts were actually interpreting an earlier version of the jail's grievance procedures. And in those earlier versions of the procedures, it told detainees that they would be informed if their grievance was sustained or not sustained. And until they received that information regarding their grievance. The district court opinions speak for themselves. We don't have to go down that route for purposes here. I don't understand from the form that was sent to him in response to his grievance that this was going to the Office of Professional Review what he's supposed to do. Especially when that same form says you may follow up with the Offices of Professional Review by contacting their office directly. That suggests permissive, not mandatory. Either way, that was the response to his grievance that he received. That's my point. And we take this from what an average person in jail would understand. So he's told not the merits, but he's told we're sending this someplace for review. Which arguably would be a good sign that it's going to get a hard look at by the Office of Professional Review. And then he's told you may follow up with the office. Oh, but you have to appeal within 15 days. It's very circular and it doesn't make a lot of sense to me. I'm not sure how it would to a prisoner. His response to his grievance is we are taking your allegations and we are sending them to the Office of Professional Review. Plaintiff could have been dissatisfied with that response and said, you know what, an investigation is not going to help me. How is this investigation going to give me anything that I want? I want to file a lawsuit. I want money damages. So I'm appealing this response so I can exhaust my remedies and file a federal lawsuit. What's the role of the divisional superintendent? The record seems silent on that. And this form is telling him that this is going to the divisional superintendent as well. That information, those allegations were filed, referred to both Office of Professional Review and the divisional superintendent. Those processes. And what's the divisional superintendent's role? Is there anything in the record about that? I believe the superintendent, Stan Cirillo, testified that that he has given that information so that he can take any action with his employees if he deems it necessary. That information is not meant to convey or be any in relation to anything that plaintiff is grieving. Those two processes are separate. The internal review process is so that this divisional superintendent can take action with his employees as he sees fit. It's not to get back to the detainee to inform them of what we're doing with your allegations. Is there anything in the inmate handbook that identifies what an inmate is supposed to do if they get a response that their claim is being sent to the Office of Professional Review specifically? No, and the reason that it doesn't is because it's not part of the grievance procedure. There's no reason to tell the detainee that some other separate process. So it's not part of the grievance procedure, but you have to appeal it? The decision to go there? Again, we're back to the circular. So the detainee has to appeal the response, not the outcome of the internal affairs investigation. The response that he received to his grievance was we are taking your allegations and we're sending them somewhere else. That's the response to his grievance. He had to appeal that in all circumstances if he wanted to exhaust his administrative remedies to file a federal lawsuit. And what would the appeal have said? Don't send my grievance to the Office of Professional Review. The supervisor who responded to his grievance testified that he could have received the response, sat on it for 15 days, and said, you know what? I'm not happy. Nobody's come to talk to me. I want to appeal. And in that case, if he would have appealed within the 15 days— But that's a different appeal. That's saying you're not moving fast enough. That's not saying I don't want this to go for review. The detainee has to exhaust the process from start to finish. They don't have to exhaust a remedy. It's the process that they have to exhaust and get to the end. I don't think that's the kind of argument you want to make to a court. Joseph Kaye was told that he had to exhaust a process. You remember who he is, right? Respectfully, no, Your Honor. He's the protagonist in Kafka's The Trial. The Prison Litigation Reform Act does not identify the rules that a detainee must follow to exhaust remedies. Those rules are prescribed by the jail. And in this case, the Cook County Department of Corrections has developed a grievance procedures that they've decided is sufficient to alert them of the notice—to give them notice of the allegations in a grievance. And in this case, the grievance procedures require— But an ordinary prisoner has to know that from what he's told and provided by the jail. That's the challenge. And plaintiff was given that notice both in the inmate handbook and on the grievance response form itself that says you must appeal the response you received in all circumstances to exhaust your administrative remedies. For these reasons, I ask that you affirm the district court's order. Thank you. Thank you, counsel. Anything further, Mr. Morrissey? No, Your Honor, unless the panel has any additional questions. Seeing none, thank you very much. The case is taken under advisement.